IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KRISTIE TYE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:09CV96 |
| | ) |
| BROCK & SCOTT, PLLC, and | ) |
| BULLHEAD INVESTMENTS, LLC, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on Plaintiff's motion for attorney's fees. (Docket No. 8.) This motion has been fully briefed, and the Court heard oral argument on January 26, 2010. For the reasons stated herein, this Court recommends that Plaintiff be awarded attorney's fees in the amount of $7,268.

**A.     Facts, Claims, and Procedural History**

Plaintiff filed this action under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, against Defendants on February 4, 2009. (Docket No. 1, Verified Complaint.) The Court entered Judgment pursuant to Plaintiff's acceptance of Defendants' Offer of Judgment under Fed. R. Civ. P. 68 on March 27, 2009. (Docket No. 6.) On May 26, 2009, Plaintiff filed this motion for attorney's fees. (Docket No. 8.) Plaintiff now seeks attorney's fees in the amount of $15,795. (Docket No. 15.)

Pursuant to 15 U.S.C. § 1692k(a)(3), a successful Plaintiff is entitled to damages as well as "the costs of the action, together with a reasonable attorney's fee as determined by the court." There is no dispute that Plaintiff qualifies as a successful Plaintiff. However, Defendants make several arguments in opposition to Plaintiff's motion. They contend that Plaintiff waived her right to attorney's fees in an amount in excess of the amount offered in judgment by her acceptance of that offer, that Army Regulation 27-26(f) bars Plaintiff's former-Army attorney from charging a fee in this action, that the amount of requested attorney's fees is unreasonable because it includes the costs for the defense of an underlying state court action, and that the amount of work is not reasonable in relation to the work done by counsel nor in relation to the result obtained. (Docket No. 11, Defs.' Mem. of Law in Opp'n to Pl.'s Mot. for Award of Atty's Fees.)

**B.** <u>**Governing Law**</u>

The award of an appropriate attorney's fee under the FDCPA "'falls within the district court's broad discretion.'" *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995) (quoting *Daly v. Hill*, 790 F.2d 1071, 1085 (4th Cir. 1986) (affirming award of $500 in attorney's fees where $9,783 were requested and damages totaled $50). Section 1692k "does not mandate a fee award in the lodestar amount." *Id*. at 629. The court may depart from the lodestar in appropriate circumstances. *Id*. Relevant factors to consider in determining a reasonable fee are the degree of success obtained, the nature of the violation, and the amount of damages awarded. *Id*. at 630.

C.  **Analysis**

1. **Acceptance of Offer of Judgment**

Plaintiff's acceptance of the Offer of Judgment in this matter does not preclude her request for attorney's fees. The offer was made for "$3001.00, together with the costs of this civil action as accrued."[1] (Docket No. 5 at 4.) The offer does not mention attorney's fees. It is therefore ambiguous on whether attorney's fees were included in this amount or whether Plaintiff could later request attorney's fees. Defendants drafted this offer. (*Id.*) Therefore, the ambiguity is construed against Defendants. *See Hennessy v. Daniels Law Office*, 270 F.3d 551, 553-54 (8th Cir. 2001). Accordingly, Plaintiff is not barred by this offer from moving for attorney's fees. *Id.*

Defendants rely upon *Marek v. Chesny*, 473 U.S. 1 (1985), for the argument that their offer bars an award of attorney's fees. (Docket No. 11 at 2-3.) The statute at issue in *Marek* provides that attorney's fees may be awarded "as part of the costs." 42 U.S.C. § 1988. The Court found that because the statute defines "costs" to include attorney's fees, such fees are subject to the cost-shifting provision of Fed. R. Civ. P. 68. However, the statute applicable to this action, 15 U.S.C. § 1692k(a)(3), states that a successful Plaintiff is entitled to damages as well as "the costs of the action, together with a reasonable attorney's fee as determined by the court." This provision does not define "costs" to include attorney's fees. *See Utility*

---

[1] The costs of this action in the amount of $380.00 have already been taxed. (Docket No. 12.)

*Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1244-45 (11th Cir. 2002) (giving examples of statutory language defining attorney's fees as costs); *Hennessy*, 270 F.3d at 553 ("The plain language of [section 1692k(a)] . . . provides for attorney's fees in addition to damages."). Therefore, *Marek* is inapplicable to this case. *See Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1997) (Because TILA treats attorney's fees separately from costs, "this distinguishes the settlement that CIT's offer was meant to stimulate, and the standard for comparison if the offer were rejected, from *Marek*.").

### 2. Army Regulation 27-26

Defendants argue that because Plaintiff's counsel was at the time of her first appearance in the underlying state court civil action a civilian employee of the Department of the Army, she is bound by Army Regulation 27-26(f). (Docket No. 11 at 4.) That provision provides that:

> A lawyer who has initially represented a client concerning a matter as part of the attorney's official Army duties shall not accept any salary or other payments as compensation for services rendered to that client in a private capacity concerning the same general matter for which the client was seen in an official capacity.

(Army Regulation 27-26(f), <u>Rules of Professional Conduct for Lawyers</u>, Rule 1.5 Fees, Headquarters, Dep't of the Army (May 1, 1992).)

Plaintiff's counsel states, and Defendants do not dispute, that she resigned her position as a Department of the Army civilian attorney on September 27, 2009. (Docket No. 9, Pl.'s Mem. of Law in Supp. of Atty's Fees at 8.) This is apparently a typographical error as to the

year, and the year should be 2008. Nevertheless, there is no dispute that Plaintiff's counsel is no longer associated with the Army. Plaintiff argues that her counsel's resignation causes the cited regulation to be inapplicable to her. (*Id*.) The Court agrees.

The "Applicability" section of this regulation states that it applies to five specific categories of attorneys, and former Army attorneys are not included in any category. (Army Regulation 27-26, Applicability, (a).) The Comment section following subsection (f) cites an example of when an Army attorney may have the opportunity to represent a "client in a private capacity." That example is a reservist who is utilized as a legal assistance officer during drills. When the reservist returns to his private practice, he may not receive compensation in his private capacity on a matter he first became involved with in a military legal assistance capacity. Therefore, subsection (f) serves a purpose other than prohibiting former Army attorneys from representing clients for a fee after their resignation from Army service on a matter the attorney first became involved with in a military legal assistance capacity.

### 3. Reasonableness of Claimed Attorney's Fees

Plaintiff's counsel has now withdrawn any request for fees for work related to the defense of the underlying state court civil action. (Docket No. 14, Pl.'s Reply Br. to Defs.' Opp'n at 1-2; Docket No. 15, Am. Declaration.) Therefore, amounts related to the state court action are not compensable.

As to Defendants' remaining arguments challenging the reasonableness of the requested fees, the Court finds that a reasonable fee for this action is less than Plaintiff's counsel has requested. (Docket No. 11 at 8-12.) Plaintiff obtained considerable success in this action by her acceptance of the $3,001 offer of judgment. That offer came relatively quickly, however, because the federal Complaint was filed on February 4, 2009, and Plaintiff accepted the Offer of Judgment on March 4, 2009. (Docket Nos. 1, 5.) Plaintiff's Complaint describes the nature of Defendants' violations of the Act as seeking to collect a debt not owed by her, filing a time-barred state court action, sending a collection letter to Plaintiff, and the giving of misleading information in an ensuing phone call by an agent or employee of Defendant Brock & Scott. (Docket No. 1.) The debt was for approximately $758, but the demand made by Defendants' agent was for payment of $1,223. (*Id*.) These alleged violations are not merely technical violations such as omitting a required notice on a collection letter.

After considering the appropriate factors, the Court finds reasonable the amount of hours reflected by Plaintiff's fees, after the write-offs shown in Plaintiff's Amended Statement of Fees (Docket No. 15), from December 7, 2008 (the first mention of drafting the FDCPA Complaint) through March 24, 2009 (up until entry of judgment on March 27, 2009). Over this period of time, Plaintiff's counsel invested hours which, when multiplied by her hourly rate of $350, total $4,655. However, Plaintiff's counsel has not shown that based on her education and experience the $350 per hour rate is reasonable. Plaintiff's counsel

graduated from the University of Georgia Law School in 1999 and claims ten years of experience in consumer debt defense cases. (Docket No. 9, Ex. 6, Declaration of Angela O. Martin, Esq., at 1, 4.) The other documents offered by Plaintiff's counsel in an attempt to show that similar rates are charged by other attorneys in similar cases do not allow the Court to conclude that the qualifications of the attorneys compare favorably with Plaintiff's counsel.[2] After considering counsel's education and experience, the Court finds that a reasonable hourly rate is $225.[3] Therefore, the reasonable amount of fees for this time period is $2,993.

With respect to Plaintiff's counsel's work thereafter in preparing the motion for attorney's fees, memorandum, and reply brief, the Court finds that 16 hours is a reasonable amount of time spent preparing those documents. Therefore, at $225 per hour, the reasonable fees for such period total $3,600.

---

[2] The Declaration of Adrian Lapas was submitted by Plaintiff's counsel during oral argument. Attorney Lapas states that he recently settled an FDCPA action involving Brock & Scott, PLLC, and that his hourly rate of $348 per hour was accepted without dispute. Mr. Lapas states that he was admitted to practice in 1993, some six years prior to Plaintiff's counsel. In addition, although Mr. Lapas states that he represents consumers defending debt collection lawsuits, there is not a sufficiently specific description given of his experience for the Court to compare his experience to that of Plaintiff's counsel.

[3] The Court also considers that the matter that accounts for more than half of the claimed attorney hours – that is, the motion for attorney's fees – is relatively uncomplicated and straightforward.

Finally, counsel appeared for oral argument on the present motion, and the Court finds 3 hours to be a reasonable amount of time for travel and the time spent in court. Therefore, at $225 per hour, the reasonable fees for this period total $675.

When these three amounts are added together, the total reasonable attorney's fees in this case is $7,268.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's motion for attorney's fees (Docket No. 8) be granted in the amount of $7,268.

/s/ P. Trevor Sharp  
United States Magistrate Judge

Date: February 1, 2010